UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JONATHAN L. MOORE         :
                          :
       v.                 :        C.A. No. 10-49ML
                          :
A.T. WALL, et. al.        :

**REPORT AND RECOMMENDATION
FOR SUMMARY DISMISSAL**

Lincoln D. Almond, United States Magistrate Judge

On February 3, 2010, Jonathan L. Moore filed his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Document No. 1). Moore also filed a Motion for a Three Judge Court. (Document No. 2). The Petition and Motion were referred to me for review. Pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases under § 2254, this Court is required to examine a Petition, and if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition...." For the reasons discussed below, I recommend that Moore's Petition for Writ of Habeas Corpus (Document No. 1) be DISMISSED with prejudice because it fails to state any claim on which habeas corpus relief can be granted.

**Facts**

In his handwritten Petition, Moore notes that he was "indefinitely assigned to supermax prison on August 16, 2007." Document No. 1 at 6. Moore claims that he has "a constitutionally protected liberty interest in avoiding supermax prison assignment." Id. at 4. Moore cites Wilkinson v. Austin, 545 U.S. 209 (2005), as support for his position that he does not have the prison record, nor the criminal convictions necessary to support his "supermax" classification. He indicates that

the "injunctive" relief he seeks is that he "wish[es] to be reclassified to a lower security of this prison system." Id.  He further notes that "prison administrators have arbitrarily abrogated my protected liberty interest in avoiding supermax prison assignment, did not give me the process that is constitutionally due, and are unduly and indefinitely imposing supermax prison assignment upon me...." Id. at 5.  Petitioner also notes that "[t]here are not state judicial forums for this particular administrative action...."[1]

A search of the Rhode Island Department of Corrections website reveals that Moore is currently housed in the "High Security" facility at the ACI.  Additionally, a search of the Rhode Island Adult Criminal Information Database reveals that a jury found Moore guilty of a charge of First Degree Child Molestation on October 21, 2008.  It also appears that Moore filed a direct appeal with the Rhode Island Supreme Court in December 2008.  The Rhode Island Supreme Court has not issued a decision in that case, and his appeal of his state conviction remains pending.

**Standard of Review**

For the following reasons, I recommend that Moore's Petition be dismissed *sua sponte* pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases Under § 2254.  In making this recommendation, I have taken all of the allegations in Moore's Petition as true and has drawn all reasonable inferences in his favor.  Estelle v. Gamble, 429 U.S. 97 (1976).  In addition, I have liberally reviewed Moore's allegations and legal claims since they have been put forth by a *pro se*

---

[1] Moore asserts that the grounds presented in this action have been "previously presented in Federal Forum." Document No. 1 at 5.  He indicates that C.A. No. 09-434S is related to the present action.  That case is a 42 U.S.C. § 1983 action in which Petitioner challenges his prison conditions and requests entry into a specific treatment program for sex offenders.  As relief, he seeks entry into the treatment program, rectification of the conditions he claims are deficient and an award of damages.  He does not request habeas relief in that action, nor does he challenge the constitutionality of his detention in the High Security facility.  Thus, although somewhat related, that action is legally and factually distinct from this case.

litigant.  Haines v. Kerner, 404 U.S. 519, 520-521 (1972).  However, even applying these liberal standards of review, Moore's Petition fails to demonstrate any plausible entitlement to habeas relief.

**Discussion**

Moore's grounds for relief in this action center on his claim that he "has a protected liberty interest in avoiding" his current prison classification.  His claim is belied by the fact that the Rhode Island Supreme Court has directly addressed this issue and held that a prisoner has "no presently acknowledged or recognized liberty interest in this state's prison-inmate classification housing procedure."  Bishop v. State, 667 A.2d 275, 276 (R.I. 1995).  In Bishop, the Rhode Island Supreme Court noted that R.I. Gen. Laws § 42-56-31 gives the director of the Department of Corrections "final discretion in the classification and housing of persons committed to his custody."  Id. at 277.  The Court noted that "there is no such [liberty] interest that will permit a prisoner to judicially reexamine, review, and second-guess the director's exclusive and final discretion with regard to prison inmate classification."  Id.  Thus, the Court concluded that a prisoner has "no constitutional or statutory protected liberty interest in the present prison-inmate classification process used in this state."  Id. See also Briggs v. Wall, C.A. No. 09-456S, 2009 WL 4884529 at *4 (D.R.I. Dec. 16, 2009) (stating that "neither the constitution nor Rhode Island state law create a liberty interest in a prison-inmate classification housing procedure"); Lynch v. Pelissey, C.A. No. 06-409T, 2008 WL 782832 (D.R.I. March 20, 2008) (finding plaintiff did not have a liberty interest in his prison classification because "as unpleasant or undesirable as [the classification] may be, standing alone, [it] do[es] not rise to the level of an 'atypical and significant hardship' in relation to the ordinary instances of prison life").  Because there is no merit to Moore's constitutional claim, I recommend that his Petition be dismissed with prejudice.

Moore's claim also fails to survive Rule 4 scrutiny because it appears he has failed to exhaust his available state remedies as to his underlying state conviction. Habeas relief is only available when certain conditions have been satisfied, including the requirement that "the applicant has exhausted the remedies available in the courts of the State...." 28 U.S.C. § 2254(b)(1)(A). Because his appeal of his conviction to the Rhode Island Supreme Court is pending, Moore has not exhausted his available state court remedies. Additionally, a writ of habeas corpus is only properly available to prisoners who are challenging the constitutional validity of their confinement in prison and requesting immediate or future release from confinement. See, e.g., Wilkinson v. Dotson, 544 U.S. 74, 78-82 (2005). In this action, Moore has not challenged the constitutionality of his confinement, he has only challenged the constitutionally of his classification within the prison system that apparently has placed him in the High Security facility. Moreover, Moore has not requested release from custody as his relief (and cannot since he has not yet exhausted his state remedies). It is clear from a review of his Petition that he is only seeking reassignment to a different facility within the ACI. Thus, habeas relief is not the appropriate vehicle for Moore's claims.

On a final note, the Court's docket reveals that Moore has two pending civil actions and one recently dismissed civil action in this Court. Moore is reminded that, as a prisoner, he is subject to the so-called "three-strikes rule" of 28 U.S.C. § 1915(g) which disqualifies a prisoner from in forma pauperis status if he has had, on three or more occasions, filed civil actions or appeals which were dismissed by the Court as frivolous, malicious or for failure to state a claim on which relief may be granted, unless he is in imminent danger of serious bodily harm.

**Conclusion**

For the reasons stated, I recommend that this Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Document No. 1) be DENIED and DISMISSED with prejudice. Further, I recommend that Moore's Motion for a Three Judge Court (Document No. 2) be DENIED as moot.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart. Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
February 16, 2010