UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JONATHAN MOORE | : | |
| | : | |
| v. | : | C.A. No. 10-49ML |
| | : | |
| A.T. WALL, et. al. | : | |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Pending before me is Jonathan L. Moore's Motion for Leave to Appeal In Forma Pauperis ("IFP"). (Document No. 7). Because I find that the appeal is groundless and thus not taken in good faith, I recommend that the District Court DENY Plaintiff's Motion.

Plaintiff, proceeding pro se, filed this habeas action alleging his assignment to the "High Security" facility at the Rhode Island Adult Correctional Institutions violated his constitutional rights. After reviewing the Petition, I recommended that the case be dismissed because the Rhode Island Supreme Court has held that a prisoner has "no presently acknowledged or recognized liberty interest in this state's prison-inmate classification housing procedure." Bishop v. State, 667 A.2d 275, 276 (R.I. 1995). Chief Judge Lisi adopted my Report & Recommendation and Plaintiff's case was terminated.

Plaintiff's right to appeal *in forma pauperis* is governed by 28 U.S.C. § 1915 which provides that, "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). "Because the good faith standard is an objective one, an appeal is deemed not taken in good faith if the issues presented are frivolous. An appeal is considered frivolous when it is based on an 'indisputably meritless legal theory or factual allegations


that are clearly baseless.'" Lyons v. Wall, No. 04-380, 2007 WL 2067661 at *1 (D.R.I. July 13, 2007) (internal citations omitted).

In the present case, Plaintiff's proposed appeal to the First Circuit Court of Appeals presents no cognizable legal theories or meritorious factual allegations. Because there was absolutely no merit to Plaintiff's constitutional claim, his appeal is likewise frivolous. Accordingly, I recommend that the District Court find that the appeal is not taken in good faith and DENY Plaintiff's Motion to Appeal IFP. (Document No. 7).

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
March 5, 2010